IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-1842-G-BK |
| | § | |
| STATE OF TEXAS EDUCATION AGENCY | § | |
| COMMISSIONER MIKE MORATH, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this fee-paid case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED** *sua sponte*.

**I. BACKGROUND**

On August 19, 2022, Plaintiff Samuel T. Russell filed a *pro se* complaint against the Texas Education Agency ("TEA"). Doc. 3 at 1. Although the caption mentions Commissioner Mike Morath, Russell only lists the TEA in the parties section and states that the complaint "may be served by delivering a citation and copy of this Petition to its Commissioner Mike Morath[.]" Doc. 3 at 1. Apart from that, the complaint does not mention Morath further and focuses instead on TEA's alleged practices and policies. The Court thus liberally construes the complaint as suing only the TEA. The Court notes, however, that the complaint is not a model of clarity. It is over 30 pages long and includes numerous, rambling assertions that are largely incoherent and border on the fantastic and delusional.

As best as the court can glean from the complaint, Russell purportedly brings his claims under 42 U.S.C. §§ 1981 and 1983 for violations of his constitutional rights, stemming from a school practice he claims permits the abduction of students from their campus without prior notification to their parents. Doc. 3 at 5-6. Specifically, Russell avers that CPS took his daughter in February 2019 from a Dallas Independent School District elementary school without his knowledge or permission. Doc. 3 at 6-7; *see also* Doc. 3 at 35 (*Aff. of Allissa Russell*, Pl.'s wife). Also, Russell asserts criminal law violations, *see* Doc. 3 at 22-23 (citing 18 U.S.C § 1001 and 25 CFR § 11.404); Doc. 3 at 28 (citing 18 U.S.C. § 1203); Doc. 3 at 30 (citing 18 U.S.C. § 3282), including misdemeanor offenses, *see* Doc. 3 at 18-19; Doc. 3 at 23-24 (citing 25 C.F.R. § 11.448 (Abuse of Office), and 25 C.F.R. § 11.404 (False Imprisonment)), and randomly asserts statute citations, such as 42 U.S.C. § 3617 of the Fair Housing Act, *see* Doc. 3 at 26-28. As relief, Russell seeks "nominal, general, special, and compensatory damages" and "policy changes." Doc. 1 at 9-10; Doc. 1 at 32-34.

Upon review, the Court concludes that subject matter jurisdiction is lacking as to some claims and Russell's remaining claims fail to state a claim.

**II. ANALYSIS**

Although Russell paid the filing fee, the Court may exercise its "inherent authority . . . to dismiss a complaint on its own motion . . . 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted) (same). "'[F]airness in this context requires both notice of the court's

intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Id.* (quoting *Carroll*, 470 F.3d at 1177).

The issuance of these findings, conclusions, and recommendation provides Russell the requisite notice, and the 14-day objection period affords him an opportunity to respond. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (concluding magistrate judge's recommendation provides both notice and a reasonable opportunity to respond to dispositive issue that the court raises *sua sponte*); *Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018), *R. & R. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (affirming *sua sponte* dismissal with prejudice under Rule 12(b)(6) based on magistrate judge's recommendation).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Russell's complaint should be dismissed *sua sponte*.

A federal court lacks subject matter jurisdiction to hear claims that are barred by Eleventh Amendment sovereign immunity. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). Any such claims should be dismissed without prejudice. *Id.*

In addition, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Here, to the extent Russell sues the TEA under 42 U.S.C. §§ 1981 and 1983, his claims are barred by Eleventh Amendment immunity. The Eleventh Amendment immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989). Further, Texas's Eleventh Amendment immunity "applies to the TEA as it is a state agency." *Ross v. Tex. Educ. Agency*, 409 F. App'x, 765, 769 (5th Cir. 2011) (per curiam) (citing *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 144); *see also Fennell v. Tex. Educ. Agency*, 273 F.3d 1100, 2001 WL 1075862, at *1 (5th Cir. Aug. 22, 2001) (per curiam) (affirming dismissal of "all claims against the TEA ... for lack of subject matter jurisdiction based on [its] Eleventh Amendment immunity," which, " '[i]n the absence of consent' " is a "bar to federal jurisdiction ... 'regardless of the relief sought' " (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))). As such, Russell cannot sue the TEA for monetary or injunctive relief under Sections 1981 or 1983, and those claims should be dismissed without prejudice for want of jurisdiction.[1]

In addition, to the extent Russell attempts to allege criminal law violations, he fails to state a legally cognizable claim. Criminal statutes generally do not create a private right of action. Indeed, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005). For a private right of action to exist under a criminal statute,

---

[1] Two prior lawsuits filed by Russell against Texas agencies and based on similar facts were dismissed based on Eleventh Amendment immunity. *See Russell v. Tex.*, No. 3:19-CV-430-S-BN, 2019 WL 4757776, at *2-3 (N.D. Tex. Aug. 23, 2019), *R. & R. adopted*, 2019 WL 4749977 (N.D. Tex. Sept. 30, 2019); *Russell v. Tex.*, No. 3:19-CV-00334-C-BT, 2020 WL 622794, at *3 (N.D. Tex. Jan. 21, 2020), *R. & R. adopted*, 2020 WL 622788 (N.D. Tex. Feb. 10, 2020), *aff'd*, 824 F. App'x 299 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1688 (2021).

there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Russell has pled nothing that even comes close to meeting that burden. Accordingly, Russell's remaining claims should be dismissed for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Russell's legal claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims based on the factual basis of his suit. Thus, the Court concludes that Russell has apparently already pled his best case and that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Russell's claims under 42 U.S.C. §§ 1981 and 1983 should be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Russell's remaining claims should be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim. FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED** on September 23, 2022.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).